Thank you, Your Honor. Daniel Mestiz for the petitioner, Jonathan Martinez. I appreciate Your Honor's inviting us up here and considering our petition. In 1988, the parents of Jonathan Martinez brought him to this country from Mexico when he was 7 years old, which, and in Phoenix, the Phoenix area, it has been his continuous home for the last 21 years. It's been where he's gotten married, where he's worked, where he's had children. Now, in 2004, after removal proceedings, after the procedural history I won't recount here, before his voluntary departure period expired, he became statutorily eligible for derivative NACARA relief because his wife had just become principally eligible or approved. Sotomayor Except at that time, wasn't he subject to an order of removal? Mestiz It was an order of removal or voluntary departure, and he was still within the voluntary departure period. Sotomayor But doesn't the statute require that the person not be under an order of removal in order to be eligible for NACARA relief? Mestiz It's my understanding that the derivative NACARA statute, which is the one that I'm referring to, doesn't speak to whether that's the case, and that as long as he hasn't overstayed his voluntary departure period, he's not subject to the civil penalties attendant to overstaying the voluntary departure period. The he was rolled up into the eligibility of his wife when she became statutorily eligible. And because he was before the expiration of the voluntary departure period, there is no reason under the statute why he shouldn't get relief and be heard on the merits of his application. Now, the problem ---- Alito Well, the merits of your NACARA application have been heard. Why is this thing completely moot, given the U.S. CIS denial of your application? Mestiz Your Honor, that's an excellent question. The ---- I think the point is U.S. CIS did not consider the case on the merits. What they did is they denied it really on wholly specious legal grounds without the right to appeal. Alito Even if ---- let's assume that that's true, counsel. Do we have any jurisdiction to review the NACARA denial? Mestiz Doesn't the statute make very clear that we don't have jurisdiction to review it? No, Your Honor, I don't think so. And I think there's a couple points to make in that regard. And that is, limitations on jurisdiction under the law in our briefs is construed very narrowly. Rights to relief for aliens is construed broadly or in favor of the alien. Now, when he applied for NACARA relief, it was in a very unique procedural posture, because his removal proceedings were completely over and done, yet he had the statutory right to relief, and he followed the rules in applying for it. Alito Even if you had a right under the Real ID Act for us to review the NACARA denial, why didn't you file a separate petition after the NACARA relief was denied in August of 2008? Mestiz I can't say ---- Alito The present petition was filed three years before his NACARA relief was denied. You didn't file a petition for review of his NACARA denial. Mestiz It's my understanding, Your Honor, that there's no right to appeal the NACARA denial from U.S. states. Alito You don't have a right to appeal the NACARA denial directly. Why do you have a right to appeal it in a petition that you filed three years before the NACARA application was denied? How do you acquire greater rights by filing a premature petition for review than you would on a direct review? Mestiz I think I understand Your Honor's point, and certainly I can be correct if I'm wrong, but we're not asking for the court ---- Alito What are you asking for? Tell us what you want from this court. Mestiz I want the court to order the immigration court, which now has the file, to ---- Alito The I.J. or the B.I.A.? Mestiz The I.J., Your Honor, because U.S.C.I.S. can't ---- Alito All right. What do you want to ---- what order do you want from us? To order the I.J. to consider the NACARA application on the merits, or at the very least, not to deny it on the grounds that, A, my client either overstayed the voluntary departure period, or ---- Sotomayor Well, the U.S.C.I.S. did not rely on the alleged failure to depart as a basis for denying the NACARA application, and that's very clear from this record. Alito So what you want us to make an order that the I.J. should consider the NACARA application? Mestiz That's correct. Alito Without jurisdiction is only as to, under the real idea, I realize our jurisdiction is severely limited. Mestiz Yes. Yes, Your Honor. But there is equitable jurisdiction to provide relief to preserve the status quo while an alien pursues what Congress told him he was eligible to pursue.  Alito Well, let's get back up just one minute. Mestiz Okay. Alito As I read this record, your application before the U.S.C.I.S. was denied on the merits, and it had nothing to do with his failure to depart as a basis of denying that NACARA application. So that's a clean matter before the U.S.C.I.S. That's done and over. So what is there left for us to do? Mestiz Well, I guess there's a the sticking point here is what it means to say that it was considered on the merits. They did not rule on the merits of NACARA application. They denied it on the purported basis that he did not apply for NACARA relief by September 11, 1998, which is provision that applies to the principal NACARA applicant, not to my client. Alito And where does your appeal from the – where does your appeal rights go from the U.S.C.I.S.? Does that go to the Court of Appeals or to the district court, or where does it go? Under the statute. Mestiz It appears that after you go to U.S.C.I.S. – and let's assume, for example, that U.S.C.I.S. had granted the NACARA application. Alito Well, they did not. They denied it. Now, where do you take your appeal from their denial? Mestiz That's a good question. I don't see where there's any right to appeal from U.S.C.I.S. I suppose – Alito Well, if you have no right, then what's all the shooting about? I mean, why are you here? That's over and done with. You have no right to the NACARA application. And what's left? Mestiz Well, if there's a statutory right to derivative NACARA relief, then someone's got to have jurisdiction to review it if it's just denied wholesale without being reviewed on the merits. And I think – Alito But you – but you didn't – but you waived your right to appeal it directly when you didn't file a petition for relief in 2008. Mestiz Well – Alito I'm just – and I'm just assuming your premise, that is, that somebody has jurisdiction to review it, it seems to me that you would have – you would have had to have filed a petition after it was denied in August of 2008, which you didn't do. Mestiz And I guess, Your Honor, the point there is we already had this petition for review pending, which basically asked the Court – and this started as a habeas petition and turned into a petition for review – which was NACARA – the NACARA application should be considered on the merits. In the meantime, he shouldn't be deported or be subject to the – Roberts Well, it was considered on the merits. I mean, you say should be considered on the merits. The record is very clear. NACARA application was considered on the merits, aside from any failure of his to depart. That was – they considered that pure and simply. Alito Your Honor, I have a minute and a half left. May I reserve until the book is over? Kagan You may. Alito Thank you, Your Honor. Kagan We'll hear from the government next. Cynthia Parsons May it please the Court, I'm Cynthia Parsons and I represent the Attorney General in this matter. As the Court has picked up from its questioning, this case is moot. First, the government does not acknowledge that there is an appeal right from the NACARA application. However, assuming that there was, no appeal is pending anywhere that the government is aware of. Alito Well, if it's moot, why don't we send it back – I mean, why don't we send  I mean, why did you remove it to this Court if it's moot? Cynthia Parsons It was – first, the mootness of the NACARA application doesn't have anything to do with the transfer, first. But let me answer this specific question. The transfer to this Court was unwarranted. The Court does not have jurisdiction over the petition and the transfer should not have been requested nor granted. Alito So we should – then we should send it back? Cynthia Parsons No, because the district court also would not have jurisdiction of any issue that either this Court has raised or that the petitioner has raised at this point. Alito Well, can't they decide – can't they decide that themselves? Why do we have to speak for them? Cynthia Parsons It is unnecessary for the – for this Court to speak for them. This Court can speak for itself on its own jurisdiction, which it lacks for a number of reasons, mootness being just one of them. And the case certainly is moot on several points. First, as you have pointed out, the NACARA application was denied. And assuming purely for the sake of argument that some appeal right exists, no appeal has been taken anywhere. Second, what mechanism does Petitioner propose for getting this back, he says, to the immigration judge? Does he propose to simply bypass the BIA? The BIA is the – there's either – there's one of two orders. There's either the 2003 order from the BIA or there's the 2005 denial of the motion to reopen. Is this Court to simply bypass the BIA and send it to the IJ? That's not a mechanism that's acknowledged in the statute anywhere that the government is aware of. So precisely how is this Court to get it to someone who can review it? The district court cannot review it. There's nothing pending there. And what's more, the denial of the NACARA application was not part of the petition that was transferred to this Court because that petition was transferred in 2005. The NACARA application wasn't denied until 2008. And there has been no motions either back in district court, by what mechanism I can't even envision, or to this Court, to bring that denial into this case. Doesn't the claim that the voluntary departure period was told or stayed really challenge the execution of a removal order, which we have jurisdiction over, under Section 1252G? Actually, I would say exactly the opposite. It does challenge the execution of the removal order. However, 1252G deprives the court of jurisdiction to review that. 1252G deprives the court of jurisdiction to review three discreet actions. A G. But we've interpreted as it's very common for this Court to stay orders of removal, a pending resolution of the petitions for review. Haven't we very broadly construed 1252? Well, you have regarding stays of removal. However, there has been subsequent Supreme Court cases that have somewhat restricted the stay of removal. However, this isn't talking specifically about a stay of removal. It's staying the execution of the order, which may sound like a distinction without a difference. It is not. What he has asked for is tolling of the voluntary departure period so that the order never became an order of removal. That's somewhat different from a stay of a removal. And in this case, he has not proposed any basis, assuming you can get past all the other jurisdictional issues. Petitioner has not raised any basis for granting equitable tolling. He has not alleged that there's been any fraud, any gross misconduct, any deception, any error independent of the petitioner through due diligence that he could have discovered that would allow this court to grant equitable tolling. So even if this court, even if the district court, even if the immigration judge or the BIA could get past all the various jurisdictional hurdles, there's simply no basis for equitable tolling other than the petitioner wanted to have more time. Well, doesn't every petitioner want to have more time? And unfortunately, that's not the basis. Equitable tolling is granted only in fairly egregious cases. And they're ordinarily combined with ineffective assistance of counsel or ineffective assistance of notarios. There's simply been not a single allegation ever of anything that comes close to the misconduct or the errors necessary to grant equitable tolling. Moreover, Petitioner claims he actually is challenging the final order or however he is phrasing it, but the problem is he fails to give this court any, identify any material error in converting the order from a voluntary departure to an order of removal. Where was the error? That he has never alleged that he was not advised that it would convert to an order of removal. He's never alleged that he was not advised that he would be ineligible for certain forms of relief if it converted to an order of removal. Those are the bases for finding that an order of voluntary departure or grant of voluntary departure converts to an order of removal. We don't have that. Therefore, he would like someone to review it, but based on what? Just wanting review isn't enough to simply say to this Court that, well, there's been a wrong, there must be a remedy. Federal courts are not courts of general jurisdiction. Federal courts are courts of limited jurisdiction. And there are wrongs for which there are not remedies in the Federal courts. Well, how about, how, let me try this one for you. In light of our new approach to voluntary departure announced in Data and our decision in Navarraz, why shouldn't the Petitioner be afforded an opportunity to withdraw his request for voluntary departure and go forward with that? How does that grab you? Well, it grabs me as nice on the surface, but looking a little bit below the surface, once again, no jurisdiction. The data very clearly said that aliens should have a right to unilaterally withdraw a request for voluntary departure, irregardless of the underlying merits of the motion to be opened, if done within the voluntary departure period. This is the key. They have to do it within the voluntary departure period. He did not. Voluntary departure period was actually months gone before he ever filed his motion to reopen, before he ever filed his habeas petition in district court. It was over. So Data won't help him. And this Court's subsequent cases interpreting Data also make that very clear. In de la Cruz, once again, it was citing to Data, this Court said, has to be done within the voluntary departure period, or you become ineligible for relief, relying also on this Court's decision in De Martinis. And in that case, De Martinis was a case in which the alien also didn't become eligible until after the voluntary departure period, or very close to when the voluntary departure period ended. And this Court said, that's bad, but that's too bad. That's what the statute and that is what the Supreme Court has said. Therefore, you're simply out of luck. As Data put it, you do have this difficult choice. But it's a difficult choice based on a grant of voluntary departure you've already gotten. You've already gotten a grace from the government. So once you've gotten that, now you've got a tougher road to hoe. You've got to decide, do I want to keep this act of grace? Do I want to, you know, roll the dice and go with this other administrative mechanism? And yes, that's a hard choice. But Data says very clearly, that's the choice you have to make. And if you take the latter choice, you run the risk that the motion to reopen won't get decided or something will time out before your voluntary departure ends or before you have a chance to do anything else. And then you're stuck with an order of removal, and yes, then the government can remove you. So that's what they say. You get it in, you get it in before the expiration of voluntary departure, or you're out of luck. Because the government deserves its benefit of the bargain as well. The aliens have had theirs, and in fact, this Petitioner has had his benefit of the bargain and then some. He has been in the United States now, depending on what calculation he needs. Roberts. Well, yes, but I mean since the expiration of his voluntary departure, for at least a year, if not more, depending on where any particular court wants to start counting the voluntary departure period. Therefore, he's already had his benefit of the bargain. Now the government deserves its benefit. He's rolled the dice, he took his chance, he lost, and there simply is no further mechanism for him. More important, if he had really wanted to get that issue before this Court, he could have, not only by filing some appeal of his NACARA, but also filing PFR from his motion to reopen, which he never did. And if he had done that before the expiration of the voluntary departure, you could have consolidated those appeals and heard them, but he did not. Thank you. Thank you, counsel. You have some rebuttal time remaining. I just want to quickly touch on the data issue. The Ninth Circuit in Navarez acknowledged the rule in data, certainly, in that it's the law being what it was, you know, in the case of Azarte and Barroso, Contreras, Aragon, where the court did toll voluntary departure periods. The alien, in light of what the law, how the law used to exist, should be allowed to go back and withdraw his voluntary departure. So pre-data, you should be allowed to do that. We were certainly pre-data when he was, you know, applying for NACARA relief and was presented with the catch-22 situation of pursuing a statutory right to relief or risking, you know, violating voluntary departure. So at the very least, it should be remanded to allow him to withdraw from voluntary departure now. Counsel also raises the issue of motions to reopen. That really is not the relevant procedure here. It's the NACARA application, because he filed the NACARA application before the voluntary departure period ended. That was what the regulations told him to do. In the other cases, motions to reopen was the only way to get what you needed done. Thank you. Thank you, counsel. We appreciate the arguments from both parties. The case just argued is submitted.
judges: Cowen, Graber, Bybee